UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
UNITED STATES OF AMERICA,

                                      19-cr-61 (PKC)

          -against-

                                   ORDER
ANTHONY MCCRAY,

                    Defendant.
-----------------------------------------------------------x

CASTEL, U.S.D.J.

        Anthony McCray, who represents himself pro se, moves for a reduction of his

sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i).  (ECF # 63.)  Because McCray has not

identified extraordinary and compelling circumstances that warrant a reduction of his sentence,

and the factors set forth at 18 U.S.C. § 3553(a) weigh against his application, his motion will be

denied.

        An Indictment charged McCray with one count of participating in a firearms

trafficking conspiracy in violation of 18 U.S.C. § 922(a)(1)(A) (Count One) and one count of

firearms trafficking in violation of 18 U.S.C. § 922(a)(1)(A) (Count Two).  (ECF 9.)  McCray

originally entered a plea of not guilty, but, on June 19, 2019, elected to enter a change of plea to

guilty as to Count One pursuant to a plea agreement with the government.  (ECF 38.)  At the plea

allocution hearing, McCray stated that he agreed with another person to sell a firearm in

Manhattan without a license, and that he took steps to procure the firearm.  (Id. at 12-14.)

        McCray's sentencing hearing took place on October 29, 2019.  (ECF 56.)  His

Presentence Report ("PSR") calculated a total offense level of 25 and placed McCray in Criminal

History Category VI.  (PSR at 23.)  The plea agreement contained a stipulated Guidelines range

of 110 to 137 months.  (PSR at 4, 19.)  However, because the statutory maximum sentence under

Count One was 60 months, the PSR calculated a Guidelines sentence of 60 months.  (PSR at 4, 19.)  Following a colloquy with counsel, the Court concluded that the Guidelines were correctly calculated.  (ECF 56 at 4.)

The PSR described offense conduct in which a confidential informant asked McCray to purchase a firearm on his behalf.  (PSR ¶ 10.)  The confidential informant visited McCray and his co-defendant Wade Hayward at McCray's place of work, which was a Shake Shack restaurant in Manhattan.  (PSR ¶ 12.)  McCray, Hayward and the confidential informant walked to a Dunkin Donuts restaurant, where Hayward gave the confidential informant an ice cream container with a firearm inside.  (PSR ¶ 13.)  Hayward told the confidential informant to contact him directly in the future.  (PSR ¶ 13.)

At the sentencing hearing, McCray stated that there was no excuse for his actions and that it was intended to be a one-time event, and that he only became involved because the confidential informant claimed that his life was in danger.  (Sentencing Tr. 7.)  McCray stated that he is "not into violence" and dislikes guns.  (Id.)

In giving its statement of reasons, the Court noted that after the Dunkin Donuts transaction, the confidential informant and Hayward continued to transact in firearm sales.  (Id. at 15.)  It noted McCray's criminal history, as well as his difficult upbringing and the fact that he has been diagnosed with Crohn's disease.  (Id. at 15-16.)  In discussing the section 3553(a) factors, the Court particularly emphasized the danger to the community posed by the unlawful sales of firearms.  (Id. at 16.)  The Court gave McCray a below-Guidelines sentence of 58 months' imprisonment, plus three years of supervised release.  (Id. at 17.)

Section 3582(c)(1)(A) of title 18 provides that "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau

of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of

such a request by the warden of the defendant's facility, whichever is earlier," a court may

reduce such defendant's sentence if it finds that "extraordinary and compelling circumstances

warrant such a reduction."  18 U.S.C.§ 3582(c)(1)(A)(i).[1]  The Court has broad discretion in

reviewing the motion and may consider all circumstances in combination or in isolation.  See

United States v. Brooker, 976 F.3d 228, 237-38 (2d Cir. 2020).

"[E]xtraordinary and compelling reasons are necessary – but not sufficient – for a

defendant to obtain relief under § 3582(c)(1)(A)" because "a district court must also consider

'the factors set forth in section 3553(a)' before granting relief."  United States v. Jones, 17 F.4th

371, 374 (2d Cir. 2021) (quoting 18 U.S.C. § 3582(c)(1)(A)).  An application is properly denied

if the applicant demonstrates extraordinary and compelling reasons for release but the factors of

18 U.S.C. § 3553(a) weigh against the application.  Jones, 17 F.4th at 374-75; see also United

States v. Keitt, 21 F.4th 67, 69 (2d Cir. 2021) ("when a district court denies a defendant's motion

under § 3582(c)(1)(A) in sole reliance on the applicable § 3553(a) sentencing factors, it need not

also determine whether the defendant has shown extraordinary and compelling reasons that

might (in other circumstances) justify a sentence reduction.").

McCray filed this motion on November 15, 2022.  (ECF 63.)  He principally

urges that because he suffers from Crohn's Disease, he is at heightened risk of an adverse

medical outcome if he contracts the Covid-19 virus.  (Id.)  He asserts that the virus's Omicron,

BQ.1 and BQ.1.1 variants have created yet greater risk.  (Id.)  He also asserts that the conditions

---

[1] The government states that "it is not clear" whether McCray has fully exhausted his administrative remedies.  It does not urge that his motion should be denied for non-exhaustion, and asserts that the Court need not address exhaustion because McCray has failed to identify extraordinary and compelling circumstances that warrant relief. (Opp. Letter a 2 n.1.)  Administrative exhaustion is not a jurisdictional requirement on a motion for sentencing reduction, and if the government does not assert non-exhaustion, a court should consider the motion on the merits. See United States v. Saladino, 7 F.4th 120, 122-23 (2d Cir. 2021).

of his confinement and his time spent incarcerated have satisfied the goals of section 3553(a).

(Id.)  He also emphasizes that his sentence is nearly complete.  (Id.)  The Bureau of Prisons

("BOP") website states that his expected release date is March 28, 2023.[2]

   The Court concludes that McCray has not demonstrated extraordinary and

compelling circumstances based on the relationship between Crohn's Disease and Covid-19.

According to a Mayo Clinic website, Crohn's Disease causes swelling to the digestive track and

can result in abdominal pain, diarrhea, fatigue, weight loss and malnutrition.[3]  The government

has submitted McCray's BOP medical records as Exhibit A to its letter brief.  The records

demonstrate that BOP medical staff has provided individualized care and prescription

medications to McCray for his Crohn's Disease.  (Ex. A at 7, 9, 12, 16, 24, 27, 30, 47, 53.)  For

example, staff provided a steroid treatment to McCray in August 2022 when he experienced

symptoms.  (Id. at 14.)  Records from July 14, 2022 stated that McCray was receiving a weekly

injection to treat the disease, and that he reported feeling well with no gastrointestinal symptoms.

(Id. at 16.)

   The Centers for Disease Control has published a list of medical conditions that

may place a person at heightened risk of adverse medical outcomes from a Covid-19 infection.[4]

Crohn's Disease is not listed among these conditions.

   BOP medical records also state that after initially refusing to be vaccinated

against Covid-19, McCray received the two-dose Moderna vaccine, with the first injection on

August 25, 2022 and the second on September 22, 2022.  (Id. at 27, 34, 88.)

---

[2] https://www.bop.gov/inmateloc/
[3] https://www.mayoclinic.org/diseases-conditions/crohns-disease/symptoms-causes/syc-20353304
[4] https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html

McCray is housed as FCI Allenwood Medium.  The BOP website states that there are currently two active confirmed cases of Covid-19 among the inmate population at FCI Allenwood Medium and no active confirmed cases among staff.[5]

The risks posed to McCray by Covid-19 do not qualify as extraordinary and compelling circumstances warranting relief, whether considered alone or in combination with his Crohn's Disease.  The low number of active cases at FCI Allenwood and McCray's vaccination against Covid-19 significantly reduce the risk of serious adverse effect.  "Courts in this district have generally found that fully vaccinated defendants have significant protection against serious illness or death should they contract COVID-19 and have denied early release in such cases— particularly where a defendant, as here, does not have underlying health conditions that place him at heightened risk.  United States v. Hernandez, 2023 WL 371403, at *3 (S.D.N.Y. Jan. 24, 2023) (Wood, J.) (quotation marks and brackets omitted); see also United States v. Fox, 2023 WL 379539, at *1 (2d Cir. Jan. 25, 2023) (district courts may weigh the "impact of the BOP's ability to manage the pandemic and the increasing vaccine supply.") (summary order).  BOP medical records demonstrate that McCray received the two-dose Moderna vaccine against Covid-19 and that medical staff have actively monitored and treated his Crohn's Disease.  The Court therefore concludes that he has not demonstrated the extraordinary and compelling circumstances required by section 3582(c).

McCray also points to the difficulties in his conditions of confinement caused by preventative measures taken during the height of the pandemic, including quarantine lockdowns, lack of fresh air, and inability to access religious and educational facilities.  (Motion at 2.) Though the individualized experiences of an inmate during pandemic conditions may support a

---

[5] https://www.bop.gov/coronavirus/

finding of extraordinary and compelling circumstances, see, e.g., United States v. Londono, 2022 WL 17905065, at *2 (S.D.N.Y. Dec. 23, 2022) (Koeltl, J.), "difficult—but generalized—prison conditions during the COVID-19 pandemic" typically do not.  United States v. Sanchez, 2022 WL 4298694, at *2 (S.D.N.Y. Sept. 19, 2022) (Crotty, J.).  McCray has not pointed to conditions of confinement that, individually or in combination, warrant relief under section 3582(c).

The Court has also separately considered the factors of section 3553(a), and concludes that they weigh against a sentencing reduction.  The Court sentenced McCray to a below-Guidelines sentence of 58 months.  At the sentencing hearing, the Court took into account McCray's Crohn's Disease, as well as his difficult upbringing.  (Sentencing Tr. 14, 16.)  The Court has considered the statements made in McCray's motion papers, including his reference to rehabilitation and his childhood.  As mentioned, he is scheduled to be released from BOP custody in approximately five weeks, on March 28, 2023, and has nearly served his term of incarceration to completion.[6]  In sentencing McCray, the Court emphasized the danger that his crime presented to the public, which included the transport of a firearm at two popular fast food franchises in Manhattan and the risk that firearm posed to public safety.  His sentence of 58 months was based on the factors of section 3553(a), including his individual characteristics and background, as well as the needs for deterrence, just punishment and the public's protection. The Court concludes that even if McCray had identified extraordinary and compelling circumstances, the section 3553(a) factors require the denial of his motion.

CONCLUSION.

The motion for a sentencing reduction under 18 U.S.C. § 3582(c)(1)(A) is DENIED.  The Clerk is respectfully directed to terminate the motion.  (ECF 63.)

---

[6] https://www.bop.gov/inmateloc/

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated:  New York, New York
         February 23, 2023

COPY MAILED TO:

Anthony McCray
Register No. 86519-054
Allenwood Medium FCI
P.O. Box 2000
White Deer, PA  17887